IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA MATEO, Individually and On Behalf of All Similarly Situated Persons, Plaintiff, | § § § § § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-2003 |
| TAQUERIA HECHO EN MEXICO, INC. and JUAN PADILLA, Defendants. | § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Maria Mateo and all other similarly situated employees ("Members of the Class"), by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Maria Mateo ("Mateo") is an employee of the Defendants, as that term is defined by the FLSA, and is represented by the undersigned.

2. Defendant Taqueria Hecho En Mexico, Inc. ("Hecho En Mexico") is a Texas corporation that was an "employer" of Mateo as that term is defined by the FLSA. With respect to Plaintiff and the Members of the Class, Hecho En Mexico is subject to the provisions of the FLSA. Hecho En Mexico was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant Taqueria Hecho En Mexico, Inc. may be served with process through its registered agent, Coronel Financial Services, LLC at 2525 North Loop West, Suite 125, Houston, Texas 77008.

3. Defendant Juan Padilla ("Padilla") is an individual who was an "employer" of

Mateo as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Padilla is subject to the provisions of the FLSA. Mr. Padilla acted on behalf of Hecho En Mexico in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Mr. Padilla worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Padilla may be served with process at 8835 Eldora Drive, Houston, Texas 77080 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Mateo was employed by Defendants as a cashier/waitress from March of 2016 until June of 2017. Mateo's duties included, but were not limited to, operating the register to take and process payments from customers, assisting the wait staff, waitressing, taking orders for customers, interacting with the kitchen staff, tending to tables and assisting with the general upkeep of her work area. Plaintiff regularly worked more than 40 hours a week throughout her employment with Defendants. Mateo was paid on a salary/day-rate basis, and was not paid premium pay for hours worked over 40. In other words, throughout Mateo's employment with Defendants, Defendants failed to pay her the overtime premium required by the FLSA. She was paid the same salary for all hours she worked during a week, regardless of how many hours she worked. Mateo usually worked so many hours that she was not even paid the federally mandated minimum wage.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. Juan Padilla is the owner and director of Taqueria Hecho En Mexico, Inc. and has the ability to affect the daily conditions of employment of the company's employees. Padilla hired, fired and set pay policies and structures for employees. Padilla is thus an "employer" of Plaintiff under the terms and definitions of the FLSA, and is liable to Plaintiff for the damages sought herein.

8. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff, and every employee similarly situated, is entitled to recover unpaid overtime compensation and liquidated damages for a period of three years prior to the filing of this case.

### Plaintiff's Individual Allegations

9. As a non-exempt employee, Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in most workweeks that the Plaintiff was employed by Defendants during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in most weeks. Plaintiff was paid on salary or day-rate basis, and was not paid premium pay for hours worked over 40. In addition, Defendants failed on many occasions to pay Plaintiff the required minimum wage.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime and minimum wage compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

11. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware of the illegal practices or policies that the Defendants have imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays most employees on the same basis, a salary or day-rate without no overtime.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of non-exempt work that the Plaintiff performed. Accordingly, the employees victimized

4

by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as waitresses and/or cashiers on a salary or day-rate basis by Defendants Taqueria Hecho En Mexico, Inc. and Juan Padilla during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### First Cause of Action: Violation of the FLSA – Failure to Pay Minimum Wage

17. Plaintiff incorporates all previous averments of fact into this First Cause of Action. Based on the foregoing, Defendants violated the FLSA by failing to properly

compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants were required by the FLSA to pay Plaintiff and Members of the Class a minimum wage of $7.25 per hour.

20. Defendants are liable to Plaintiff and Members of the Class under the FLSA for all unpaid minimum wages, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

21. Plaintiff sues Defendants for violation of the FLSA's minimum wage requirements and seeks recovery of damages, liquidated damages, attorney's fees and costs.

**Second Cause of Action: Violation of the FLSA – Failure to Pay Overtime Wages Owed**

22. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for overtime work performed in the employ of the Defendants.

23. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**Demand for Jury**

25. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

demand:

1. Issuance of notice as soon as possible to all persons employed as waitresses and/or cashiers by Taqueria Hecho En Mexico, Inc. and Juan Padilla and paid a day-rate or salary during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime and minimum wages at the applicable rate;
3. An equal amount to the overtime and minimum wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile

    **ATTORNEY-IN-CHARGE FOR**
    **PLAINTIFF MARIA MATEO**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**